Filed 7/7/25  P. v. Caines CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LUKE WAINE CAINES, JR.,<br><br>        Defendant and Appellant. | E083096<br><br>(Super.Ct.No. RIF1202963)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.
Appeal dismissed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and
Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General,
Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Laura Baggett,
Deputy Attorneys General, for Plaintiff and Respondent.

In January 2024, defendant and appellant Luke Waine Caines, Jr., noticed an appeal from the December 19, 2023, order of the Riverside County Superior Court striking his two prison prior enhancements in keeping with Penal Code section 1172.75 and continuing the remainder of his resentencing hearing to April 8, 2024, to afford counsel time to gather information and prepare for a full resentencing hearing.[1]

On appeal, defendant argues, and the People agree, that remand for a full resentencing hearing is called for because, not only did the trial court err in its handling of his December 2023 hearing, but it also erred again when his resentencing came up for hearing in April 2024 because the court took the matter off calendar at defense counsel's request. We will find the December 2023 continuance was not an appealable order and, even if an appeal had been noticed from the trial court's April 8, 2024, order it would suffer from the same infirmity.

## BACKGROUND

In 2012, a jury found defendant guilty of four counts of kidnapping for purposes of robbery (§ 209, subd. (b)(1)), six counts of robbery (§ 211), and one count of preventing or dissuading a witness (§ 136.1, subd. (c)(1)). Defendant admitted several enhancements, including three prison prior terms (§ 667.5, subd. (b)). The trial court sentenced him to a determinate term of 19 years plus an indeterminate term of 14 years to life, including one year each for two of the prison prior enhancements. It struck the third prison prior.

---

[1] All further statutory references are to the Penal Code.

Defendant appealed the judgment. (*People v. Caines* (Dec. 9, 2013, E057233) [nonpub. opn.].) We directed the trial court to resentence defendant as to the dissuading a witness conviction, to stay pursuant to section 654 the sentences for the robbery counts, and to adjust some of the fees imposed. (*Ibid.*) We affirmed the judgment in all other respects. (*Ibid.*)

1. *The Developments Concerning the Elimination of Prior Prison Enhancements Other Than Those Involving Certain Sexually Violent Crimes*

In 2019, the Legislature amended subdivision (b) of section 667.5 (amended § 667.5(b)) to eliminate prior prison term enhancements unless the prior prison term was for specific sexually violent offenses. (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) The amendment was retroactive to any case in which the judgment was not final. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.)

In 2022, section 1172.75 became effective.[2] (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.) Subdivision (a) of that provision declares legally invalid any prison prior sentence enhancement defined in amended section 667.5(b) that was imposed prior to January 1, 2020. (§ 1172.75, subd. (a).)

In relevant part, section 1172.75 requires the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify persons in their custody currently serving a term for a judgment that includes a prison prior enhancement

---

[2] At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12). For the sake of simplicity, we will refer to the provision by its current number.

coming within subdivision (a) of section 1172.75 and to provide the name of each person and other specified identifying information to the sentencing court. (§ 1172.75, subd. (b).)

Upon receiving names from CDCR, the sentencing court must review each person's current judgment to be sure it includes a section 1172.75, subdivision (a) enhancement. (§ 1172.75, subd. (c).) If the court determines the current judgment includes the enhancement, it must recall the sentence and resentence the defendant. (*Ibid.*)

2. *The Defendant's Inchoate Resentencing Hearing Under Section 1172.75*

Defendant was included in a CDCR list of persons sentenced in Riverside County thought to be eligible for resentencing relief because of a prison prior.[3] Defendant was not present on December 19, 2023, when his section 1172.75 matter was heard along with two resentencing petitions he had submitted in propria person.[4]

---

[3] We took judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642 and the CDCR list attached to those declarations. That list, dated June 16, 2022, sets forth the names of persons eligible for relief under section 1172.75 in active cases for Riverside County. Defendant's name appears on page 21 of that document.

[4] One petition was submitted under section 1172.1 (Stats. 2023, ch. 446, § 2, eff. Jan. 1, 2024), which specifically states a defendant is not entitled to bring a motion under that section and, if a defendant requests consideration, the trial court is not required to respond. (§ 1172.1, subd. (c).) The other petition was made under section 1170.91, subdivision (b) (that permits resentencing based on health conditions due to military service). The court denied the section 1172.1 petition and set the hearing on the section 1170.91 petition for recall for April 8, 2024.

4

The court explained to the parties the procedure it had been using with respect to section 1172.75 hearings. When a matter is called and the parties agree a defendant's prison priors are no longer authorized by law and are amenable to being stricken, the court's practice is to strike them and set the case for a future hearing to afford the parties the opportunity to gather the information necessary to assist the court "in the exercise of its various discretions that [it] will have to use at the time of a full resentencing."

The parties did not object to the proposed procedure and the court confirmed that defendant's counsel agreed to striking the priors but did not have authorization to proceed with a full resentencing hearing. The court, acting "out of an abundance of caution" because it had a mandate to strike eligible priors before year's end (then less than two weeks away), proceeded to recall defendant's sentence and strike the prison priors as no longer authorized by law. It then set the matter for further resentencing on April 8, 2024, to be heard before defendant's section 1170.91 petition for recall, which had been set for the same day.

While continuing the resentencing hearing, the trial court made clear that, when the matter was taken up in April 2024, defendant would be "free to ask [the court] to reconsider any decision that [the court] made here today." The court went on to say, the "[s]entencing is not final. So if you were to send in a request for a statement of probable cause, [the court] would deny it because we're not at final judgment and we won't be until sentencing is complete. And, sentencing won't be complete until [defendant has]

had an opportunity to ask [the court] to consider any other benefit that he may be entitled to pursuant to [section] 1172.75[, subdivision] (d)."

In January 2024, while the April 2024 hearing was pending, defendant, acting in propria persona, filed a notice of appeal "from the judgment, entered on December 19, 2023," (some capitalization omitted) and a request for a hearing under *People v. Marsden* (1970) 2 Cal.3d 118.

On April 8, 2024, defendant's counsel appeared and requested that his client's hearing be taken off calendar because the court no longer had jurisdiction on account of defendant's appeal. The People had no objection and the court granted defendant's request.

## DISCUSSION

On appeal, defendant argues, and the People agree, (i) that the trial court erred when it recalled defendant's sentence in his absence and ordered the prison prior enhancements removed, and (ii) even if that was not error in view of the court continuing the resentencing hearing to April 8, 2024, so defendant could be present, the court erred when it took the hearing off calendar at defense counsel's request, thereby denying defendant both the right to be present when resentenced (even though counsel had not requested an order for transport of the defendant and even though counsel was taking the matter off calendar) and defendant's right to a full resentencing hearing (without acknowledging that the parties could simply ask for the matter to be placed back on

6

calendar[5]).  Defendant, in recognition of the potential of a determination that he has forfeited the issue of the hearing being removed from the April 8 calendar at his counsel's request, also argues counsel's assistance was ineffective.

The right to appeal is conferred by statute, and a party may not appeal a trial court's judgment, order, or ruling that is not expressly made appealable by statute. (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).)

When the trial court recalled defendant's sentence on December 19, 2023, it effectively vacated the judgment it had imposed in 2012.  (*People v. Rogers* (2025) 108 Cal.App.5th 340, 360; *People v. Arias* (2020) 52 Cal.App.5th 213, 219.)  And, as noted *ante*, the court specifically did not enter a final judgment in December 2023 because it had not yet completed the resentencing hearing but had instead continued the matter until April 8, 2024.  In the absence of a final judgment of conviction, defendant was not authorized to take an appeal from the trial court's December 19, 2023 order, which he noticed in January 2024.

Defendant did not notice an appeal from the April 2024 proceedings but, even if he had, the court's removal of the hearing from the calendar was not a final judgment of conviction and, therefore, it also was not an appealable order.

---

[5] The Riverside County Superior Court provides a (mandatory) local form RI-OTS01 to be used to request the addition of a criminal matter to the court's calendar.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

8